**FILED**
**Jul 02, 2021**
**02:29 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **MARY HOSS,** | ) | **Docket No. 2019-07-0453** |
| Employee, | ) | |
| v. | ) | |
| **CORECIVIC INC.,** | ) | **State File No. 11575-2019** |
| Employer, | ) | |
| And, | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Allen Phillips** |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This case came before the Court for an Expedited Hearing on June 22, 2021. Ms. Hoss asked that the Court order Corecivic to provide speech therapy as recommended by her treating physician. Corecivic contended her alleged injury did not cause the need for the therapy. For the following reasons, the Court orders that Corecivic provide Ms. Hoss with the recommended therapy.

### History of Claim

On February 13, 2019, Ms. Hoss sustained various injuries when she was attacked by an inmate at Corecivic's facility. As relevant here, the injuries included trauma to her throat.

Corecivic authorized treatment with ENT Dr. James Berry, who first saw Ms. Hoss on October 7, 2019. At that visit, Ms. Hoss reported symptoms of dysphagia and hoarseness. Dr. Berry found vocal cord edema and signs of reflux when he examined her throat, and he diagnosed dysphagia and GERD.[1]

---

[1] Dysphagia means difficulty swallowing; GERD refers to gastro-esophageal reflux disease, a condition in which the acidified liquid content of the stomach backs up into the esophagus. www.medicinenet.com (last visited July 1, 2021).

1

Dr. Berry recorded the same symptoms at follow-up visits over the next several months, including on July 13, when he found "swelling and hyperfunction of [the] vocal cords" in addition to signs of reflux. Because of the vocal cord swelling, he referred Ms. Hoss to speech therapy. Dr. Berry noted that Ms. Hoss said, "reflux was not an issue prior to the assault;" Dr. Berry said he could not "make judgement" [sic] as to whether reflux was or was not an issue before the assault.

On October 19, Ms. Hoss reported the same symptoms, and her exam was unchanged. She told Dr. Berry that, "the court system is trying to approve speech therapy." On January 18, 2021, Dr. Berry noted that Ms. Hoss reported no improvement in her hoarseness, and he reiterated the speech therapy referral. Shortly afterward, he completed a form specifically referring Ms. Hoss to Magnolia Regional Health Center and Rehabilitation Services for the therapy with instructions to evaluate and treat.

On March 26, Dr. Berry drafted an "ADDENDUM" to his January note in which he stated:

> Patient had no problems with her voice prior to assault. Patient has had multiple problems since her assault with her voice. Would highly recommended speech therapy. Therefore it is my professional opinion that her voice problems are directly related to her worker's compensation claim.

Dr. Berry's records were the only evidence presented. Corecivic argued Dr. Berry's July 13 statement that he could not "make judgement" as to whether reflux was an issue before the assault meant he could not relate Ms. Hoss's need for speech therapy to her injury. It further questioned "the origin and reliability" of the March 26 Addendum and argued that it directly contradicted Dr. Berry's July 13 opinion. Regardless, Corecivic said Dr. Berry did not provide any opinion that Ms. Hoss's need for speech therapy arose primarily out of her employment.

In support of its position, Corecivic cited *Clay v. Signature Healthcare*, 2019 TN Wrk. Comp. App. Bd. LEXIS 58, at *22 (Oct. 21, 2019), where the treating physician related the employee's condition to her work in a deposition, then reversed himself and said the condition was not related after reviewing more records, and finally reversed himself a third time in another deposition by again saying the condition was work-related. Under those circumstances, the Appeals Board found reliance on the physician's "testimony or various causation opinions . . . problematic." Corecivic also pointed to *Barnes v. Jack Cooper Transp*., 2020 TN Wrk. Comp. App. Bd. LEXIS 16, at *8 (Mar 24, 2020), where the Board held that the expert opinions relied upon by the employee did not support a causal relation to the injury.

Ms. Hoss countered that Dr. Berry said in the Addendum that her voice issues were "directly related" to her injury, meaning he attributed them "100%" to it. She asserted that

Dr. Berry is the authorized physician, and his opinion regarding the need for the referral showed that she would likely prevail at trial. Thus, she asked that the Court order Corecivic to approve Dr. Berry's direct referral to Magnolia Health.

## Findings of Fact and Conclusions of Law

At this Expedited Hearing, Ms. Hoss must show she likely would prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2020).

In opposing Ms. Hoss's request, Corecivic disputes the sufficiency of Dr. Berry's opinions supporting the speech therapy referral. However, Corecivic's focus is incorrect.

In *Beech v. G4S Secure Solutions (USA), Inc*., 2020 TN Wrk. Comp. App. Bd. LEXIS 71 (Dec 16, 2020), in the context of an expedited hearing, the Appeals Board stated:

> Employer misconstrues the burden of proof and misstates the relevant issue. The issue is not whether Employee has come forward with sufficient evidence to convince the trial court that the referral was medically necessary or that his alleged . . . injury is causally related to the work incident. That was not Employee's burden to prove at that stage of the case. *Instead, the relevant issue is whether Employee came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist.*

*Id*. at *9 (Emphasis added).

Here, as in *Beech*, the relevant issue is whether a treating physician made a referral to a specialist. Dr. Berry did so. Thus, the Court holds Ms. Hoss would likely prevail at a hearing on the merits regarding the referral and it orders that Corecivic provide speech therapy with Magnolia Health, as Dr. Berry ordered.

**IT IS, THEREFORE, ORDERED AS FOLLOWS**:

1. Corecivic shall provide Ms. Hoss with speech therapy at Magnolia Regional Health Center and Rehabilitation Services based upon the direct referral of Dr. Berry.

2. The Court sets a Status Hearing on **Monday, September 20, 2021, at 9:00 a.m. Central Time**. The parties must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Hearing. Failure to call might result in a determination of any issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry

of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED July 2, 2021.**

*Allen Phillips*

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## APPENDIX

<u>Exhibits</u>
1. Dr. Berry's medical records

<u>Technical record</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 2, 2021.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Edward L. Martindale, Employee's Attorney | X | edwardlmartindale@gmail.com rachalgmorris@gmail.com |
| Vickie Moffett Cruzen, Employer's Attorney | X | vmoffettcruzen@swlawpllc.com |

_____
**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____       2. Address: _____

3. Telephone Number: _____       4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing        $ _____ per month

Gas                $ _____ per month     Child Care      $ _____ per month

Transportation     $ _____ per month     Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____       (FMV) _____

Other                   $ _____       Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____


**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____